BRIAN I. CAMMILE, Defendant Below, Appellant,
v.
STATE OF DELAWARE, Plaintiff Below, Appellee.
No. 457, 2009.
Supreme Court of Delaware.
Submitted: September 1, 2009.
Decided: October 20, 2009.
Before HOLLAND, BERGER and JACOBS, Justices.

ORDER
Carolyn Berger, Justice
This 20th day of October 2009, upon consideration of the appellant's opening brief and the appellee's motion to affirm pursuant to Supreme Court Rule 25(a), it appears to the Court that:
(1) The appellant, Brian I. Cammile, filed this appeal from the Superior Court's August 3, 2009 denial of his motion for postconviction relief. The appellee, State of Delaware, has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of Cammile's opening brief that the appeal is without merit.[1] We agree and affirm.
(2) In September 1996, Cammile pled guilty to Attempted Robbery in the Second Degree ("1996 conviction"). Cammile was sentenced to four years imprisonment suspended for four years at Level IV home confinement suspended after six months for three and one-half years of probation. In 1997 and 1998, Cammile was adjudged guilty of violation of probation (VOP) and was resentenced. In January 2000, Cammile again was adjudged guilty of VOP, and his probation was continued. Finally, in August 2000, after his fourth VOP hearing, Cammile was discharged from probation as unimproved.
(3) In March 2009, Cammile filed a motion for postconviction pursuant to Superior Court Criminal Rule 61 ("Rule 61"). Cammile challenged his 1996 conviction on the bases that his guilty plea was involuntary and his counsel was ineffective.
(4) By report and recommendation dated June 18, 2009, a Commissioner recommended that Cammile's postconviction motion should be denied as moot. By order dated August 3, 2009, the Superior Court adopted the Commissioner's report and recommendation and denied Cammile's motion. This appeal followed.
(5) Having carefully reviewed the parties' positions on appeal, we conclude that the denial of postconviction relief should be affirmed on the basis of the Superior Court's August 3, 2009 order that adopted the Commissioner's report and recommendation. Rule 61 "governs the procedure on an application by a person in custody or subject to future custody under a sentence of [the Superior Court] seeking to set aside a judgment of conviction."[2] In this case, Cammile is neither in custody nor subject to future custody on his 1996 conviction. As a result, Cammile lacks standing to seek relief under Rule 61, and the Superior Court was correct in concluding that his postconviction motion was moot.[3]
(6) It is manifest on the face of Cammile's opening brief that the appeal is without merit. The issues on appeal are clearly controlled by settled Delaware law. To the extent that judicial discretion is implicated, there was no abuse of discretion.
NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.
NOTES
[1] Del. Supr. Ct. R. 25(a).
[2] Del. Super. Ct. Crim. R. 61(a)(1).
[3] Ruiz v. State, 2008 WL 1961187 (Del. Supr.).