IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DEVIN COLEMAN, | § | |
| | § | No. 154, 2015 |
| Defendant Below, | § | |
| Appellant, | § | Court Below: Superior Court |
| | § | of the State of Delaware in and |
| v. | § | for Kent County |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 0801019986 |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: June 17, 2015
Decided: August 27, 2015

Before **STRINE**, Chief Justice; **HOLLAND**, and **SEITZ**, Justices.

**O R D E R**

This 27th day of August 2015, it appears to the Court that:

(1)    This appeal is from the Superior Court's summary dismissal of the appellant's motion for postconviction relief under Superior Court Criminal Rule 61 ("Rule 61"). On appeal, the appellant's counsel has filed a brief and motion to withdraw under Supreme Court Rule 26(c) ("Rule 26(c)").

(2)    On September 5, 2008, Coleman pled guilty to three felony charges and was sentenced to a total of eight years at Level V suspended after fourteen months for probation. Coleman finished serving the sentence in August 2010 when he was discharged from probation.

(3) In May 2013, Coleman was indicted on thirty-five new charges.[1] In June 2014, Coleman pled guilty to five of those charges and was sentenced.[2]

(4) In September 2013, Coleman filed a motion for postconviction relief alleging that his 2008 guilty plea was involuntary and that his counsel was ineffective. The Superior Court appointed counsel ("Counsel") to represent Coleman. By order dated March 20, 2015, the Superior Court vacated the order appointing counsel and summarily dismissed Coleman's postconviction motion under Rule 61(i)(1). This appeal followed.

(5) On appeal, Counsel has filed a brief and a motion to withdraw under Rule 26(c).[3] Counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues. Also, Counsel notes that Coleman is no longer in custody on the 2008 convictions. In points submitted for this Court's consideration, Coleman contends that he is entitled to challenge the 2008 convictions, even though he completed the sentence, and that the Superior Court erred when it summarily dismissed his

---

[1] The Court has taken judicial notice of the Superior Court docket in *State v. Coleman*, Cr. ID No. 1303004663.

[2] *Id.* Docket at 26 (June 17, 2014).

[3] Although the Superior Court vacated the order appointing counsel, Counsel entered his appearance after receiving the Clerk's letter dated March 30, 2015, advising him that he had a continuing obligation to represent Coleman under Rule 26(a)(2). Effective June 1, 2015, this Court amended Rule 26(a)(2) and the Superior Court amended Rule 61(e)(6) to clarify the continuing obligations of a court-appointed postconviction lawyer who is permitted to withdraw by the Superior Court.

2

postconviction motion. The State has responded to Counsel's position, Coleman's points, and has moved to affirm the Superior Court judgment.

(6) When reviewing a motion to withdraw and an accompanying brief under Rule 26(c), the Court must be satisfied that the appellant's counsel has made a conscientious examination of the record and the law for arguable claims.[4] The Court must also conduct its own review of the record and determine whether "the appeal is indeed so frivolous that it may be decided without an adversary presentation."[5]

(7) Coleman claims that the Superior Court improperly applied a June 4, 2014 rule amendment to Rule 61 when dismissing his postconviction motion under Rule 61(i)(1).[6] The claim is without merit. Rule 61(i)(1) was not affected by the June 4, 2014 amendment to Rule 61. The Superior Court properly dismissed Coleman's postconviction motion under the one-year time bar of Rule 61(i)(1) applicable in 2013.[7] On appeal, Coleman has not demonstrated that the time bar should be excused because of "a colorable claim that there was a miscarriage of justice because of a constitutional

---

[4] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).

[5] *Penson v. Ohio*, 488 U.S. at 81-82.

[6] Effective June 4, 2014, the Superior Court amended several provisions of Rule 61.

[7] Del. Super. Ct. Crim. R. 61(i)(1) (2013) (barring a postconviction motion filed more than one year after the judgment of conviction is final).

violation that undermined the fundamental legality, reliability, integrity or fairness of the proceedings leading to the judgment of conviction."[8]

(8) Coleman's postconviction motion also was subject to summary dismissal under Rule 61(a)(1).[9] This Court has consistently held that a defendant who has been discharged from probation and is not subject to any future custody on a conviction has no standing to seek relief under Rule 61.[10] Coleman disagrees, claiming that he has standing to challenge the 2008 convictions because of a collateral legal burden, namely that the 2008 convictions were used to qualify him for habitual offender sentencing in the 2013 case. We have previously found this argument meritless.[11] The Court finds no basis to conclude differently here.

---

[8] Del. Super. Ct. Crim. R. 61(i)(5) (2013). Effective June 4, 2014, Rule 61(i)(5) was amended to provide relief when a motion that is otherwise barred under Rule 61(i)(1) through (4) satisfies the pleading requirements of Rule 61(d)(2) as amended.

[9] Del. Super. Ct. Crim. R. 61(a)(1) (2013) (providing that "[t]his rule governs the procedure on an application by a person in custody or subject to future custody under a sentence of this court seeking to set aside a judgment of conviction"). Effective June 4, 2014, Rule 61(a)(1) was amended to delete "or subject to future custody".

[10] *Crisco v. State*, 2015 WL 257867 (Del. Jan. 20, 2015); *Baltazar v. State*, 2015 WL 257334 (Del. Jan. 20, 2015); *Anderson v. State*, 2014 WL 7010017 (Del. Nov. 11, 2014); *Ruiz v. State*, 2011 WL 2651093 (Del. July 6, 2011); *Lewis v. State*, 2012 WL 130700 (Del. Jan. 17, 2012); *Cammile v. State*, 2009 WL 3367065 (Del. Oct. 20, 2009).

[11] *See Short v. State*, 2015 WL 4199849 (Del. July 9, 2015) (rejecting claim that 2002 conviction used to enhance sentence for 2004 conviction gave standing to invalidate the 2002 conviction even though defendant was no longer in custody on sentence imposed for 2002 conviction). Moreover, when recently dismissing Coleman's mandamus petition that raised the same claim with respect to a 2006 conviction, we explained that "'a person loses standing to move for postconviction relief under Rule 61 where the defendant is not in custody or subject to future custody for the underlying offense or

4

(9) Having conducted "a full examination of all the proceedings" and found "no nonfrivolous issue for appeal,"[12] the Court concludes that this appeal is "wholly without merit."[13] The Court is satisfied that Counsel made a conscientious effort to examine the record and the law and properly determined that Coleman could not raise a meritorious claim on appeal.

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.

BY THE COURT:

/s/ *Collins J. Seitz, Jr.*
Justice

---

challenged sentence.'" *In re Coleman*, 2015 WL 1021405 (Del. Mar. 9, 2015) (quoting *Ruiz v. State*, 2008 WL 1961187, at *3 (Del. May 7, 2008)).
[12] *Penson v. Ohio*, 488 U.S. 75, 80 (1988).
[13] Del. Supr. Ct. R. 26(c).