# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE, )
)
    Plaintiff, )
)
V. ) Cr. ID No. 1802015266
)
DION LEWIS, )
)
    Defendant. )
)

Submitted: August 7, 2019
Decided: November 4, 2019

## COMMISSIONER'S REPORT AND RECOMMENDATION THAT DEFENDANT'S MOTION FOR POSTCONVICTION RELIEF SHOULD BE SUMMARILY DISMISSED

Allison Abessinio, Deputy Attorney General, Department of Justice, Wilmington, Delaware.

Dion R. Lewis, Wilmington, Delaware, *pro se*

MAYER, Commissioner

This 4th day of November, 2019, upon consideration of Defendant's Motion for Postconviction Relief, it appears to the Court that:

## REPORT AND RECOMMENDATION

1.     On October 15, 2018, Defendant plead guilty to Carrying a Concealed Deadly Weapon, Terroristic Threatening and a violation of probation. In exchange, the State agreed to enter a *nolle prosequi* on all remaining charges, and to recommend Level V time, suspended immediately for probation. The Court engaged in a detailed plea colloquy with Defendant before accepting the plea.[1] Defendant acknowledged that by pleading guilty he was waiving the right to a speedy trial, that no one had forced or threatened him into entering into his guilty plea, and that he was satisfied with his attorney's representation. Eventually the Court entered the sentence as recommended by the State and Defendant's trial counsel.

2.     Defendant filed a Motion for Postconviction Relief, whereby he argued: (1) ineffective assistance of counsel for failing to present a video of defendant's actions; (2) coerced confession of guilty plea; and (3) counsel should have moved to suppress the search and seizure because he had a valid window tint waiver.

3.     According to the Sentencing Order, effective September 26, 2018, Defendant was sentenced to 8 years at Level V suspended after 19 days, for 1 year

---

[1] *See* Case Review Transcript of October 15, 2018.

at supervision Level II; and 1 year at Level V, suspended for 1 year at Level II; with probation to run concurrently.

4. Defendant's probation officer filed a report with the Court on October 17, 2019 providing notice that Defendant's probationary period reached its maximum date and in light of Defendant's compliance, probation recommended discharge. On October 29, 2019, the Court discharged Defendant from his probation.

5. Pursuant to Superior Court Criminal Rule 61(a), postconviction relief is available to:

> a person in custody under a sentence of this court seeking to set aside a judgment of conviction…on the ground that the court lacked jurisdiction or on any other ground that is a sufficient factual and legal basis for a collateral attack upon a criminal conviction or a capital sentence.

"[A] defendant who has been discharged from probation and is not subject to any future custody on a conviction has no standing to seek relief under Rule 61."[2]

6. A review of the record in this matter demonstrates that Defendant is no longer in custody or subject to future custody under the Sentencing Order. As such,

---

[2] *Coleman v. State*, 2015 WL 5096047, at *2 (Del. Aug. 27, 2015), citing *Crisco v. State*, 2015 WL 257867 (Del. Jan. 20, 2015); *Baltazar v. State*, 2015 WL 257334 (Del. Jan. 20, 2015); *Anderson v. State*, 2014 WL 7010017 (Del. Nov. 11, 2014); *Ruiz v. State*, 2011 WL 2651093 (Del. July 6, 2011); *Lewis v. State*, 2012 WL 130700 (Del. Jan. 17, 2012); *Cammile v. State*, 2009 WL 3367065 (Del. Oct. 20, 2009).

Defendant does not have standing to continue pursuit of his Motion. In addition, Defendant has not demonstrated a right lost or disability or burden imposed by reason of the instant conviction to overcome the general rule mooting his claims for relief.[3] Therefore, the Motion should be summarily dismissed because Defendant lacks standing to prosecute the Motion.[4]

For all of the foregoing reasons, Defendant's Motion for Postconviction relief should be SUMMARILY DISMISSED.

**IT IS SO RECOMMENDED.**

Commissioner Katharine L. Mayer

cc: Prothonotary
Ross Flockerzie, Esquire
Dion R. Lewis

---

[3] *See Anderson v. State*, 2014 WL 7010017, at *1-2 (Del. Nov. 11, 2014).

[4] *See* Super. Ct. Crim. R. 61(d)(5) ("If it plainly appears from the motion for postconviction relief and the record of prior proceedings in the case that the movant is not entitled to relief, the judge may enter an order for its summary dismissal and cause the movant to be notified.")